UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| NICOLE LONGENBAUGH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-01765-SEB-TAB |
| | ) | |
| MARIA MACK DCS Attorney, | ) | |
| AMANDA HARTMAN DCS Director, | ) | |
| HEATHER THOMPSON DCS Supervisor, | ) | |
| LYNDSAY BURG Family Case Manager, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This matter is before the Court on *pro se* Plaintiff Nicole Longenbaugh's ("Ms. Longenbaugh") Complaint, dkt. 1, motion for leave to proceed *in forma pauperis*, dkt. 2, and motion for a preliminary injunction, dkt. 3. This Order first addresses Ms. Longenbaugh's Motion for Leave to Proceed *In Forma Pauperis*, before screening her Complaint pursuant to 28 U.S.C. § 1915(e)(2).

**I.**   ***In Forma Pauperis* Status**

Pursuant to 28 U.S.C. § 1915(a), the Court may authorize a plaintiff to file a lawsuit "without prepayment of fees," if the plaintiff "submits an affidavit" demonstrating that she lacks the assets to pay the filing fee at this time. 28 U.S.C. § 1915(a)(1). Ms. Longenbaugh's motion for leave to proceed *in forma pauperis*, dkt. 2, meets this standard and is **GRANTED** accordingly. 28 U.S.C. § 1915(a)(1).

While *in forma pauperis* status allows Ms. Longenbaugh to proceed without pre-paying the filing fee, she remains liable for the full fees. *Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997) (Every *in forma pauperis* litigant is liable for the filing fee because "all § 1915(a) does for any litigant is excuse *pre*-payment of fees.") (emphasis in original); *Rosas v. Roman Catholic Archdiocese of Chicago*, 748 F. App'x 64, 65 (7th Cir. 2019). The filing fee for *in forma pauperis* litigants is $350.00. *See* District Court Fee Schedule at https://www.insd.uscourts.gov/fees-financial-information (stating that the $405 filing fee includes a $55 administrative fee, but that the administrative fee "does not apply to . . . persons granted in forma pauperis status under 28 U.S.C. § 1915"). No payment is due at this time, but the $350.00 balance remains owing.

## II.     Screening Standard

When a plaintiff is granted *in forma pauperis* status, the Court has an obligation to ensure the complaint is legally sufficient. 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary damages against a defendant who is immune from such relief. *Id.*

In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because a defendant must have "fair notice of what . . . the claim is and the grounds upon which it rests," it is not enough for a plaintiff to say that she has been illegally harmed. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, she must set forth "a short and plain statement" of *facts* in her complaint such that the Court can infer the ways in which the named defendant could be held liable for the harm alleged. Fed. R. Civ. P. 8(a)(2). *Pro se* complaints, such as that filed by Ms. Longenbaugh here, are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

**III.    The Complaint**

On September 5, 2025, Ms. Longenbaugh filed this civil rights lawsuit against Defendants Maria Mack, Amanda Hartman, Heather Thompson, and Lyndsay Burg (collectively, "Defendants") in their individual and official capacities as employees and agents of the Indiana Department of Child Services ("DSC"). Dkt. 1 at 1.[1] Ms. Longenbaugh seeks monetary, injunctive, and declaratory relief, pursuant to 42 U.S.C. § 1983, for the alleged violations of her Due Process and Equal Protection rights under the Fourteenth Amendment to the United States Constitution. Ms. Longenbaugh also asserts claims for negligence, intentional infliction of emotional distress, and violations of Indiana Code §§ 31-34-19-1(b) and 31-34-21-7.5. *Id.* at 3.

---

[1] Ms. Longenbaugh's submissions fail to comply with the Court's formatting guidelines. Local Rule 5-1 provides that "any pleading, motion, brief, affidavit, notice, or proposed order filed with the court . . . must . . . use at least 12-point type in the body . . . and be double spaced." S.D. Ind. L.R. 5-1(b). Ms. Longenbaugh is **ORDERED** to abide by the formatting requirements in her future submissions.

Ms. Longenbaugh's factual allegations relate to ongoing child custody proceedings in state court. According to the Complaint, Ms. Longenbaugh's biological child, P.R., was "removed from her father's care" and placed with her paternal grandparents, despite Ms. Longenbaugh's timely request for physical custody. *Id.* at 1. Ms. Longenbaugh maintains that she is a "fit, non-offending parent," though she also avers that, "[i]n the early stages of the case,"[2] she voluntarily submitted to a drug test, "which came back slightly over the threshold." *Id.* "On the basis of that single voluntary screening," Ms. Longenbaugh alleges, "Defendants removed P.R." from her care. *Id.* Thereafter, Defendants allegedly "imposed supervised visitation on [Ms. Longenbaugh], without amending the CHINS petition to include allegations against her and without issuing a dispositional order" to that effect. *Id.* In the meantime, Ms. Longenbaugh has had "over five (5) months of consistent clean drug screens." *Id.* at 2.

The Complaint states that P.R. has "expressed her desire to live with [Ms. Longenbaugh]," prompting Ms. Longenbaugh to "reorganize[ ] her life, quit school, and devote[ ] herself entirely to regaining custody." *Id.* Throughout the previous year and a half, Ms. Longenbaugh alleges, Defendants have "restricted contact, delayed proceedings, and continued to impose supervised visitation," despite the fact that no court has revoked her parental rights. *Id.* Specifically, Defendants have allegedly excluded Ms. Longenbaugh from access to P.R.'s medical records concerning recent mental health diagnoses and treatment;

---

[2] Ms. Longenbaugh does not specify which "case" she is referencing, though a cursory review of the exhibits attached to her complaint reveals that a "children in need of services" ("CHINS") action is pending in state court. *See generally* dkt. 1-1 at 4–30.

4

failed to take remedial measures after P.R. engaged in underage drinking while in her paternal grandparents' custody; restricted P.R.'s contact with her older brother; allowed P.R.'s biological father, "the offending parent," additional and extended visitation time; and "refused to grant" Ms. Longenbaugh make-up visits with P.R. *Id.* at 2. This conduct, Ms. Longenbaugh asserts, has damaged her relationship with her daughter, caused emotional distress, and "deprived both of them of their rights." *Id.* Specifically, Ms. Longenbaugh asserts that Defendants have violated her fundamental right to the custody, care, and control of her child by denying her custody of P.R., excluding her from medical decision-making, and imposing restrictions on her contact with P.R.; and infringed upon her equal protection rights by treating the "placement caregivers" and the "offending parent" better than she. *Id.* at 3.

In addition to compensatory and punitive damages, Ms. Longenbaugh seeks a court order providing her with sole legal and physical custody of P.R.; stating that she retains the sole decision-making authority over all P.R.'s medical, educational, and personal needs; declaring that Defendants violated Indiana law; granting her unrestricted access to P.R.'s medical records; requiring non-party Department of Child Services "to ensure [her] participation in [P.R.'s] counseling and therapy services and to address "placement safety concerns"; allowing her "the ability to select bonding opportunities"; and "recognizing the significance of this case" and granting Ms. Longenbaugh's "request that any published opinion or precedent arising from this matter be designated in honor of [P.R.]." *Id.* at 3–4.

Ms. Longenbaugh attaches 186 pages of exhibits to the Complaint. Dkt. 1-1. While the Court may consider documents attached to a complaint, it is Ms. Longenbaugh's burden

5

to plead a short and plain statement of the claim. Fed. R. Civ. P. 8(a)(2); *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013). In this case, we will not sift through the documents and try to discern their potential relevance at the pleading stage. *Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013) (stating that attachments to a complaint may be stricken).

## IV.    Discussion

Ms. Longenbaugh's Complaint suffers from several deficiencies that compel its dismissal at this preliminary screening stage. We start (and end) our analysis with the "first duty in every suit: to determine the existence of subject-matter jurisdiction." *Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004).[3] Ms. Longenbaugh has invoked our original federal-question jurisdiction over her § 1983 claims as well as our supplemental jurisdiction over her state-law claims. As explained below, Ms. Longenbaugh's federal claims, fail to engage our subject-matter jurisdiction and shall be dismissed accordingly; as such, we shall relinquish jurisdiction over her supplemental state-law claims.

Under the domestic-relations exception, federal courts avoid deciding cases "involving the granting of divorce, decrees of alimony, and child custody orders." *Kowalski v.*

---

[3] Although we dismiss the Complaint on jurisdictional grounds, we note that Ms. Longenbaugh's claims against Defendants in their official capacities are also subject to dismissal on sovereign immunity grounds. "The Eleventh Amendment bars private litigants' suits against nonconsenting states in federal court, with the exception of causes of action where Congress has abrogated the states' traditional immunity . . . ." *de Lima Silva v. Dep't of Corr.*, 917 F.3d 546, 565 (7th Cir. 2019) (citation modified). "This immunity extends to state agencies and state officials in their official capacities." *Id.*; *see also Duncan v. State of Wis. Dep't of Health & Fam. Servs.*, 166 F.3d 930, 935 (7th Cir. 1999) ("[N]either the state agency nor the state employees in their official capacity can be sued for retrospective monetary relief, for the simple reason that the state is not a 'person' for purposes of 42 U.S.C. § 1983.").

*Boliker*, 898 F.3d 987, 995 (7th Cir. 2018) (citation modified). Here, Ms. Longenbaugh's Complaint falls squarely within the domestic-relations exception by requesting the direct entry of a child custody order and by challenging state actors' alleged interference with her parental rights. *See J.B. v. Woodard*, 997 F.3d 714, 722 (7th Cir. 2021); *Keith v. Wisconsin Dep't of Workforce Dev.*, No. 21-2398, 2022 WL 741731, at *2 (7th Cir. Mar. 11, 2022).

Similarly, the well-established principles of "equity, comity, and federalism . . . underlying our abstention doctrines" compel us to abstain from exercising jurisdiction over Ms. Longenbaugh's federal claims for declaratory, injunctive, and compensatory relief. *Woodard*, 997 F.3d at 721, 724. "Under established abstention doctrines . . . , a federal court may, and often must, decline to exercise its jurisdiction where doing so would intrude upon the independence of the state courts and their ability to resolve the cases before them." *Id.* at 721–22 (citation modified). Where a plaintiff comes to federal court in order "to receive a favorable federal constitutional ruling that can be used affirmatively or offensively to shape—or perhaps change—the direction and course of the state court proceedings," federal courts must abstain. *Id.* at 723. This admonition against federal intrusion is heightened where adjudication of federal claims "threaten[s] interference with and disruption of local family law proceedings—a robust area of law traditionally reserved for state and local government—to such a degree as to all but compel the federal judiciary to stand down." *Id.*

Here, the relief Ms. Longenbaugh seeks—namely, a court order establishing (or reestablishing) the full breadth of her parental custody rights—"leaves us with the clear and unmistakable impression that [she] seeks a favorable federal court judgment so that

[she] can use that judgment to influence ongoing state court decision making." *Id.* at 721. In these circumstances, we must (and therefore shall) "stay on the sidelines." *Id.* at 723.

Ms. Longenbaugh is not without recourse: "State courts can and do consider constitutional arguments in custody cases." *E.A. v. Gardner*, 929 F.3d 922, 925 (7th Cir. 2019); *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987) ("[W]hen a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary."); *Courthouse News Serv. v. Brown*, 908 F.3d 1063, 1071 (7th Cir. 2018) ("Unless and until the state courts have proven unwilling to address an alleged [constitutional] violation . . . , the federal courts should not exercise jurisdiction over the matter.").

To the extent that Ms. Longenbaugh's state-law claims pass muster under the jurisdictional principles outlined above, we nonetheless decline to exercise our supplemental jurisdiction over them. Under 28 U.S.C. § 1367, "[t]he district court may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ." 28 U.S.C. § 1367(c)(3). Typically, "when . . . the federal claim drops out before trial," as has happened here, "the federal court should relinquish jurisdiction over the supplemental claim." *Van Harken v. City of Chicago*, 103 F.3d 1346, 1354 (7th Cir. 1997); *see also Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 31–32 (2025) ("[A]lthough supplemental jurisdiction persists . . . , the [district] court may (and indeed, ordinarily should) kick the case to state court."). Consistent with these principles, we shall dismiss Ms. Longenbaugh's state-law claims without prejudice.

8

## CONCLUSION

For the reasons stated above, Ms. Longenbaugh's Motion for Leave to Proceed *In Forma Pauperis*, dkt. 2, is **GRANTED**. The Complaint, however, is hereby **DISMISSED without prejudice** for lack of jurisdiction. Ms. Longenbaugh's Motion for Preliminary Injunction, dkt. 3, is hereby **DENIED as moot**. Ms. Longenbaugh shall have **TWENTY-ONE (21) DAYS** from the date of this Order to show cause why final judgment should not enter based on her failure to establish our subject-matter jurisdiction. If Ms. Longenbaugh fails to show cause within the allotted time, this matter shall be closed without further notice.

Ms. Longenbaugh's filings contain the unredacted names of her minor child, who, under Federal Rule of Civil Procedure 5.2, should have been identified only by her initials. Accordingly, the Court *sua sponte* **DIRECTS** the Clerk to maintain the Complaint, the Motion for Leave to Proceed *In Forma Pauperis*, and the Motion for Preliminary Injunction (and supporting documents) **UNDER SEAL**. Dkt. 1–6. The Court also **ORDERS** Ms. Longenbaugh to refrain from naming her minor child in future court filings.

IT IS SO ORDERED.

Date: 10/7/2025

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

NICOLE LONGENBAUGH
302 Marine Dr.
Anderson, IN 46016